**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMMANUEL JEAN-PHILIPPE,<br>Plaintiff, | : | |
| v. | : | Case No. 5:25-cv-05645-JLS |
| JONAH MARCONI, *et al.*,<br>Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J. - */s/ JLS*** **SEPTEMBER 17, 2026**

Emmanuel Jean-Philippe filed a pro se lawsuit against multiple defendants, claiming they violated his Fourth Amendment right against malicious prosecutions. Based on his original complaint, Dkt. No. 2, the Court ordered certain defendants and claims dismissed, Dkt. No. 69. The Court allowed Jean-Philippe to amend his complaint, requiring him to submit a "complete document" that bears the title "Amended Complaint." Dkt. No. 69. But Jean-Philippe filed a document which bore the title "Supplemental Complaint." Dkt. No. 75 at 6. And instead of submitting a complete document, he attempts to incorporate his original complaint, noting that he "is adding new claims, in addition to, claims which were already made in the original complaint, not amending or changing the original claims, as he still believes those claims to be valid." Dkt. No. 75 at 6. Jean-Philippe can believe his claims are still valid and disagree with the Court's reasons. As he anticipates, the Court's decisions are subject to appellate review, and he can appeal when appropriate. *See* Dkt. No. 75 at 6. But he cannot proceed on a document that flouts this Court's clear orders. The Court will therefore deny his supplemental complaint, Dkt. No. 75, which the Court interprets as a motion to accept a supplemental complaint. Because Jean-Philippe proceeds pro se,

the Court will allow him another chance to follow the Court's instructions, as laid out in the accompanying order. In addition to filling a supplemental complaint, Jean-Philippe has filed a slew of other motions. This memorandum will address each in turn.

**A. Motions to Recuse**

Jean-Philippe has filed four motions for recusal. Dkt. Nos. 25, 53, 70, 125. His first two are more properly described as motions to disqualify opposing counsel, which is an extreme sanction that is disfavored, *Martin v. Turner*, No. 10-cv-1874, 2011 WL 717682, at *2 (E.D. Pa. Feb. 18, 2011). To succeed on these motions, Jean-Philippe must clearly show "continued representation would be impermissible under the applicable Rules of Professional Conduct." *Id.* (cleaned up). Unsupported and vague allegations are insufficient. *Id.*

Jean-Philippe's first motion seeks disqualification of attorney Matthew Polaha because he served as a volunteer law clerk to Judge Juan R. Sánchez for three months in 2016. That service occurred before the facts alleged in this case happened, and the motion does not show any impermissible representation under the Pennsylvania Rules of Professional Conduct. The motion is denied. The second motion seeks disqualification of attorney Christine Munion because she was previously sanctioned. *See* Order, Dkt. No. 64, *Stilp v. Borough of West Chester*, No. 21-cv-3989 (E.D. Pa. Oct. 17, 2022). But that sanction does not prevent Munion from practicing in this district, and she has ably represented clients before this Court. The motion is denied and will be struck from the docket. Jean-Philippe's third motion seeks my own recusal. His motion to quash that request for recusal, Dkt. No. 72, is granted, and the motion, Dkt. No. 70, is quashed. His motion to disqualify Lancaster County Court of Common Pleas Judge Wright, Dkt. No. 125, is improper as this Court cannot order that relief under the circumstances, and the motion is thus denied.

**B. Mandamus Motions**

Jean-Philippe has filed four motions for mandamus. Dkt. Nos. 37, 38, 39, 114. "Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005) (cleaned up). None of the motions present extraordinary circumstances, and the motions are denied.

**C. Motion for preliminary injunction**

Jean-Philippe submitted a third declaration, which moved for an injunction. Dkt. No. 43. The motion fails to meet the standard for a preliminary injunction. In fact, he fails to address any of the required elements. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). The motion is denied.

**D. Moot motions**

Many motions address one of Jean-Philippe's filed complaints, Dkt. No. 48. Those motions will be denied as moot. *See* Dkt. Nos. 51, 54, 55. Other motions address Jean-Philippe's supplemental complaint, Dkt. No. 75, and will also be denied as moot. *See* Dkt. Nos. 93, 150.

**E. Motions for reconsideration**

Jean-Philippe has filed eight motions for reconsideration, Dkt. Nos. 76, 96, 97, 98, 99, 100, 116, 118.[1] "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To grant such a motion, one of three conditions must be met: "(1) the development of an

---

[1] Jean-Philippe's motion for consideration, Dkt. No. 78, is duplicative of his earlier motion, Dkt. No. 76, and is thus excluded from the count.

intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. 1994). Jean-Philippe appears to use these motions to preserve errors for collateral review. That is not the purpose of a motion to reconsider. The motions fail to meet the standard and are denied.

**F. Other motions**

Jean-Philippe's motion for a hearing, Dkt. No. 79, is denied. His motion for service of process, Dkt. No. 94, is denied. His motion for supersedeas, which seeks to stay state court proceedings, Dkt. No. 112, is denied. *See U.S. Steel Corp. Plan for Emp. Ins. Benefits v. Musisko*, 885 F.2d 1170, 1174–75 (3d Cir. 1989). The first and second motions for preservation of evidence, Dkt. Nos. 127, 129, are denied. His motion in limine, which seeks to expand the evidentiary record, Dkt. No. 132, is denied. *See Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) ("[A] motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."). His motions asking this Court to vacate or stay a state court judgment, Dkt. Nos. 133, 134, are denied. His motions for rectification of errors, Dkt. Nos. 135, 137, 138, are denied. His motions to dismiss, Dkt. Nos. 140, 143, 144, are denied, and the Court construes them as replies. His motions to cease, Dkt. Nos. 146, 147.

This Court granted Jean-Philippe's application to proceed in forma pauperis on March 19, 2026. Five days later, a receipt for filing fees was docketed. Dkt. No. 73. He requested a refund of his filing fees. Dkt. No. 88. "The Judicial Conference has a longstanding policy prohibiting the refund of fees, with narrow exceptions, e.g., when fees are collected without authority or as a result of administrative error on the part of the clerk's office." Report of the Proceedings of the Judicial Conference of the United States, Judicial Conference of the United States 11 (Mar. 15, 2005).

Some courts maintain refund forms that list those narrow exceptions. *See, e.g.*, *Gouch-Onassis v. Dep't of Def.*, No. 24-cv-06992, 2025 WL 1090931, at *1 (C.D. Cal. Mar. 28, 2025) (noting that the court's form recognizes exceptions such as duplicate payment, fee paid even though none was required, overpayment, and pro hac vice application denied). The Eastern District of Pennsylvania maintains an open-ended application, requiring applicants to provide an explanation rather than tick a box. Jean-Philippe's request falls within one of the Central District of California's recognized exceptions because the fee was paid even though none was required according to the Court's order granting Jean-Philippe leave to proceed in forma pauperis. This Court finds that reason persuasive and therefore grants his request for a refund. His other request in the motion is denied.

**G. Future filing**

Since the Court issued its last order, on March 19, 2026, Jean-Philippe has filed over 25 motions and 19 appendices. As defendants have noted, these filings "continue[d] to require responses from counsel at considerable time and cost." Dkt. No. 148 at 2. The Court appreciates and understands that Jean-Philippe is proceeding in this action pro se. The Court has and will continue to give him leniency and construe his filings liberally. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). But "[a]t the end of the day, [pro se litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245. That is because, in general, "federal courts treat pro se litigants the same as any other litigant." *Id.* at 244. The Court will not impose any limits of Jean-Philippe's ability to file at this time and will still require defendants to respond. But if Jean-Philippe continues to file numerous "frivolous motions" that create "an undue burden on the district court's time," *In re Packer Ave. Assocs.*, 884 F.2d 745, 748 (3d Cir. 1989), the Court will definitely require leave of court before he can submit any additional filings.